IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 4:08-CR-066 |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ANTWAN CORTEZ WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the Defendant, ANTWAN CORTEZ WHITE, also known as 'Slim" or "Twan" ("the Defendant"), and his attorney, Gerald "Jake" Feuerhelm, as follows:

## A. CHARGES

1. **Subject Offense.** The Defendant will plead guilty to count one of the superseding indictment, which charges him with conspiring with other persons known and unknown to the Grand Jury, to knowingly distribute 50 grams or more of a mixture and substance containing cocaine base ("crack cocaine"), and at least 500 grams of a mixture and substance containing cocaine, which are Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, Section 841(b)(1)(A)(iii), and Section 841(b)(1)(B)(iii).

2. **Charges Being Dismissed.** After the Defendant enters a plea of guilty and is sentenced pursuant to the terms of this agreement, this paragraph shall be treated as a Motion to Dismiss the remaining counts in the Indictment against the Defendant. The government will also

move to dismiss the conspiracy to distribute marijuana charge in *United States v. Antwan Cortez White, et al*, 4:08-CR-064, at the time of sentencing in this case. This paragraph may also be treated as a Motion to Dismiss the remaining count in *United States v. Antwan Cortez White, et al*, 4:08-CR-064.

3.  **No Further Prosecution.** The United States of America agrees that the Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense under Title 18 or Title 21, United States Code, arising from or directly relating to this investigation, except for any crimes of violence. This paragraph and this plea agreement do not apply to any criminal act that the Defendant did not fully disclose to law enforcement during his proffer interview.

## B. CONSEQUENCES OF PLEA AND PLEA AGREEMENT

4.  **Maximum And Minimum Punishments.**

Because of the Defendant's two prior felony drug convictions, and the notice of enhanced penalty filed pursuant to 21 U.S.C. § 851, the potential punishment for Count 1 (one) is a term of life imprisonment, a maximum possible fine of $8,000,000, or both imprisonment and a fine. Other penalties include a $100 special assessment, and forfeiture of the property listed in the superseding indictment.

If the Government, in its sole discretion, determines that the Defendant has fully complied with the terms and conditions of this plea agreement, not committed any additional federal offense, and fully cooperated with the Presentence Investigation, the Government will move to amend the Information/Notice of Enhancement filed pursuant to Title 21, United States Code, Section 851 (hereinafter "851 Information/Notice") to reflect only one prior conviction, thereby reducing the

potential sentence to a potential maximum of life imprisonment, and a mandatory minimum of 20 (twenty) years imprisonment, a $4,000,000 fine, or both imprisonment and a fine. Additional penalties would include a $100 special assessment and forfeiture of the property listed in the superseding indictment. *There will follow any term of imprisonment a term of supervised release of at least 10 years up to life. AW GBF CRG 10/25/2010*

5. **Waiver Of Trial Rights And Acknowledgement Of Other Matters.** Defendant acknowledges that he understands the following, as set forth in Fed. R. Crim. P. 11(b) and elsewhere:

   a. the government's right, in a prosecution for perjury or false statement, to use against him any statement he gives in relation to his change of plea;

   b. his right to continue with his plea of not guilty;

   c. his right to a public and speedy trial by a jury, which he can help select;

   d. his right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and every other state of this proceeding;

   e. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

   f. that he will be waiving these rights if the court accepts his plea of guilty;

   g. the nature of the charge to which he is pleading guilty;

   h. the maximum possible penalty, which has been explained to him by his attorney and in this agreement, including imprisonment, fine, special assessment, and a term of supervised release;

   i the mandatory minimum penalty;

   j. any applicable forfeiture;

   k. the court's obligation in some cases, and authority in others, to impose restitution;

l.  the court's obligation in determining his sentence to calculate the applicable advisory sentencing guideline range, and consider it along with the other sentencing factors set forth in 18 U.S.C. § 3553(a);

m.  the fact that he is hereby knowingly and expressly waiving his statutory right to a speedy trial, pursuant to Chapter 208 of Title 18, United States Code, in both this case and in *United States v. Antwan Cortez White, et al*, 4:08-CR-064;

n.  the fact that he is hereby knowingly and expressly waiving his right to collaterally attack his conviction and sentence, including any proceedings under Title 28 U.S.C. § 2255, subject to the right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to him, or not reasonably knowable by him, at the time he enters his plea pursuant to this plea agreement. He further understands that it is a material breach of the plea agreement to file a petition for post-conviction review of the sentence or conviction or other collateral attack to contest the conviction or sentence in this case for any reason other than for the exception set forth herein; and

o.  the fact that he is hereby consenting to the forfeiture of all property listed in the superseding indictment and all property seized from him in connection with this case, and waiving all claims arising from the seizure thereof.

6.  **Mandatory Detention.** Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), the Defendant agrees that he will remain in the custody of the United States Marshals Service following the completion of the entry of his guilty plea to await the imposition of sentence.

## C. SENTENCING CONSIDERATIONS

7.  **Sentencing Guidelines - Factors.** The sentence to be imposed is solely within the District Court's discretion, with due consideration for the United States Sentencing Commission Guidelines which apply in an advisory manner to this offense. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

a. the offense level specified in the drug quantity table in USSG §2D1.1, with the parties stipulating that the Defendant distributed a minimum of 50 grams or more of a mixture and substance containing cocaine base ("crack cocaine"), and 500 grams or more of a mixture and substance containing cocaine, which are Schedule II controlled substances;

b. the Defendant's possession of a dangerous weapon, with the parties stipulating that the Defendant's sentence merits a 2-level enhancement under USSG §2D1.1(b)(1);

c. the Defendant's role in the offense, with the parties stipulating that the Defendant is not eligible for a mitigating role reduction under USSG §3B1.2. The parties are free to argue their respective positions concerning the Defendant's eligibility for a role enhancement under USSG §3B1.1;

d. the Defendant's criminal history (prior convictions);

e. the Defendant's flight to avoid prosecution, with the parties stipulating that this merits a 2-level enhancement under USSG §3C1.1; and

f. the Defendant's acceptance of responsibility, or lack thereof, under USSG §3E1.1.

8. **No Promises.** The United States makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

9. **No Right to Withdraw Plea.** The Defendant understands that the Defendant will have no right to withdraw the Defendant's plea if the sentence imposed, or the application of the United States Sentencing Commission Guidelines, is other than what the Defendant anticipated. The parties understand the Court may defer its decision to accept the plea until there has been an opportunity to review a pre-sentence investigation report.

10. **Evidence at Sentencing**. The Defendant, the Defendant's attorney, and the plaintiff's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U. S. Probation Office for use in preparing a pre-sentence report.

11. **Fines/Costs**. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

12. **Special Assessment**. The Defendant agrees to pay to the United States a special assessment of $100.00, as required by Title 18, United States Code, § 3013. The Defendant agrees to make such payment (by cashier's check or money order payable to "Clerk, U. S. District Court") to the Clerk of the United States District Court for the Southern District of Iowa within two weeks (14 days) of the execution of this agreement. The Defendant understands that failure to pay the special assessment constitutes a material breach of this agreement.

### D. GENERAL MATTERS

13. **Voluntariness of Plea**. The Defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering into this agreement without reliance upon any discussions between the government and himself (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. He further acknowledges that he understands the nature of

the offenses to which he is pleading guilty, including the penalties provided by law.

14. **Limited Scope of Agreement**. This agreement does not limit, in any way, the right or ability of the government to investigate or prosecute the Defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the Defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based.

15. **Entire Agreement**. This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents.

16. **Factual Stipulations**. Attached hereto as Attachment "A," and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the Defendant's offense conduct relating to each subject offense.

17. **Effect of a Law Violation, Or Breach of Plea Agreement**. Any violation of an order of this Court, violation of law, or breach of this Plea Agreement committed by the Defendant after the date of this agreement will render this agreement voidable, in whole or in part, at the sole discretion of the United States

18. **Use of Information**. Attachment "A" may be used against the Defendant by the government in any criminal, civil, or administrative proceeding, including prosecutions of the instant offense, perjury, obstruction of justice, or other litigation involving the federal government.

19. **Venue**. The Defendant agrees that the offense conduct relating to the subject

offenses was committed, in whole or in part, in the Southern District of Iowa, and that the U. S. District Court, Southern District of Iowa, has proper venue of this agreement.

20. **Public Interest.** The plaintiff and the Defendant state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

21. **Execution/Effective Date.** This agreement does not become valid and binding until the Plea Agreement and Attachment A (Stipulation of Facts) are executed by each of the parties and their counsel shown below. The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its acceptance and execution by the Defendant and receipt of the documents at the United States Attorney's Office. For the Defendant to have timely accepted this plea agreement offer, the Defendant and his attorney must have properly executed the Plea Agreement and Attachment A (Stipulation of Facts), and the Office of the United States Attorney for the Southern District of Iowa must have received delivery of said properly executed documents by October 18, 2010. The plea offer and agreement are automatically withdrawn if the executed agreement is not received by the U.S. Attorney's office for the Southern District of Iowa by October 18, 2010.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

## I. SIGNATURES

22. **Defendant.** I have read all of this plea agreement and have discussed it with my

attorney. I fully understand the plea agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.

10/22/10
Date

Antwan Cortez White,
Defendant

23.  **Defendant's Attorney.** I have read this plea agreement and have discussed in its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement. I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of the Defendant's own free will, and without any coercion or compulsion. I believe there is a factual basis for the plea and concur in my client entering into this plea agreement and in entering a plea of guilty pursuant to the plea agreement.

10/22/10
Date

Gerald "Jake" Feuerhelm,
Attorney for Antwan Cortez White
3231 E Euclid Ave., Ste 300
Des Moines, IA 50317
Tel: (515) 266-5552
Fax: (515) 266-6600

24. **United States of America.**

                                            Nicholas A. Klinefeldt
                                            United States Attorney

Date: 10/25/2010           By: _____
                                            Craig Peyton Gaumer,
                                            Assistant United States Attorney
                                            U.S. Courthouse Annex, Suite 286
                                            110 E. Court Avenue
                                            Des Moines, Iowa 50309
                                            Tel:     (515) 473-9300
                                            Fax:    (515) 473-9292
                                            Email: craig.gaumer@usdoj.gov

## ATTACHMENT A

## STIPULATION OF FACTS

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, Plaintiff in the above captioned matter, the Defendant, Antwan Cortez White, and the Defendant's attorney, Gerald "Jake" Feuerhelm, and hereby stipulate and agree that the following facts are true and correct, and may be used by the Court to establish a factual basis for the plea of guilty to be entered by the Defendant and for purposes of sentencing and litigation involving the government:

1. On or before 2004 and continuing until approximately March 12, 2008, Defendant Antwan Cortez White and others reached an agreement or came to an understanding to distribute multiple controlled substances, namely cocaine, cocaine base ("crack cocaine") and marijuana;

2. Defendant Antwan Cortex White voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

3. At the time Defendant Antwan Cortez White joined in the agreement or understanding, he knew the purpose of the agreement or understanding was to illegally distribute controlled substances, including cocaine, cocaine base, and marijuana;

4. Beginning in at least 2004 and continuing until March 12, 2008, Defendant Antwan White knowingly conspired with Cisco Burton, James Brown, Ronnie Cyrus, Robert Perry, and others to distribute cocaine, crack cocaine, and marijuana in the greater Des Moines metropolitan area and elsewhere;

5. As part of the conspiracy, Defendant Antwan White would knowingly obtain cocaine, crack cocaine, and marijuana from Cisco Burton, James Brown and others, and distribute it to other persons, for financial gain;

6. As part of the conspiracy, Defendant Antwan White had others, including, but not limited to, Robert Perry, distribute cocaine, crack cocaine and marijuana at his direction;

7. As part of the conspiracy, Defendant Antwan White acquired and possessed body armor, firearms, and ammunition for his protection, if necessary, from other persons involved in the illegal drug trade;

8. As part of the conspiracy, Defendant Antwan White would, from time-to-time, transform cocaine into crack cocaine for other persons;

9. As part of the conspiracy, Defendant Antwan White would, from-time-to-time, also purchase cocaine from James Brown, depending on who had the connection for cocaine at the time;

10. On March 12, 2008, Defendant Antwan White was pulled over by law enforcement authorities for traveling at a high rate of speed in a reckless manner and for excessive window tints. He was arrested for driving with excessive window tint and transported to the Polk County Jail. In his Black GMC Yukon, officers discovered a marijuana blunt, four cellular telephone chargers, five cellular telephones, and various keys;

11. While at the police station, Defendant Antwan White was *Mirandized*, knowingly waived his rights, was interviewed by law enforcement officers. During interview, Defendant White admitted he was living at 1802 Oakland Avenue, # 7 in Des Moines, and said police would find a small quantity of marijuana and a gun there. He later added that officers would find 8 - 9 ounces

of cocaine (from "E") and approximately $8,000;

12. Based on the information provided in the preceding paragraph, and other information, law enforcement officers obtained a search warrant for the Defendant Antwan White's Oakland Avenue apartment. The search warrant team seized two hundred fifty two and a half (252.5) grams of cocaine, seventy two and a half (72.5) grams of crack cocaine, $9,700, packaging materials (baggies), a bullet proof vest, a cash counter, two firearms (loaded Smith & Wesson 9 mm and Auto Ordinance .45 semi automatic handgun), boxes of ammunition for a .45 and 9 mm, and a gun cleaning kit;

13. While the present charges were pending, Defendant Antwan White knowingly and intentionally violated the terms of his bond, cutting off his electronic monitoring bracelet and fleeing from the state of Iowa to Colorado, in an attempt to hinder, delay, and prevent this prosecution. which he succeeded in doing for approximately one (1) year;

14. Actions in furtherance of the conspiracy occurred in the Southern District of Iowa and elsewhere.

10/21/10
Date

Antwan Cortez White
Defendant

10/22/10
Date

Gerald "Jake" Feuerhelm,
Attorney for Defendant

10/25/2010
Date

Craig Peyton Gaumer
Assistant U.S. Attorney