IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 4:08-CR-066 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | RESISTANCE TO DEFENDANT'S |
| | ) | MOTION TO CONTINUE SENTENCING |
| ANTWAN CORTEZ WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

1. The United States resists the defendant's motion to continue his sentencing hearing, based on his newfound desire to challenge the drug quantity set forth in the PSR.

2. This case began on April 23, 2008, and the defendant made his first appearance in court on April 23, 2008.

3. Either the trial, the change of plea hearing, or the sentencing hearing in this case have been continued 11 times so far at the request of the defendant. Justice delayed is justice denied.

4. This case was delayed over a year when the defendant was a fugitive from this court's pretrial release order.

5. The initial draft of the PSR was disclosed on December 3, 2010, over 2 months ago. According to the original PSR, "7,524.4 grams of cocaine and 504.23 grams of cocaine base were involved in this conspiracy," with the defendant "responsible for 7.01 kilograms of cocaine and 347.3 grams of cocaine base, for a total marijuana equivalent of 2,642.21 kilogram." Original PSR at ¶¶ 42, 43.

6.      The defendant did not object to the original PSR.

7.      The final PSR was disclosed on January 21, 2011. Paragraph 42, renumbered as 45, contains the same drug quantity concerning the conspiracy as set forth in the original PSR. Paragraph 43, renumbered at paragraph 46, increased the drug quantity attributable to the defendant from a marijuana equivalent of 2,642.21 to 3,294.74. This only made a 2-level difference in the advisory guideline range. To make a 2-level difference in the advisory guideline range, the drug quantity would have to be over 200 KGs too high. To make a 4-level difference, the drug quantity would have to be over 2,000 KGs too high. To make a 6-level difference, the drug quantity would have to be 2,500 KGs too high.

8.      The defendant did not object to any of the underlying facts in either PSR, from which the drug quantity is derived. These facts are, therefore, deemed admitted.

9.      During the post-plea, pre-sentence process, the parties have never discussed an agreed upon sentencing range.

10.     If the defendant frivolously challenges the drug quantity set forth in the PSR, it will constitute a lack of cooperation with the presentence investigation, thereby jeopardizing the possibility that the government will exercise its discretion to withdraw one of the § 851 notices.

11.     If the defendant is going to challenge the drug quantity, the government respectfully requests that he be ordered to put his objections in writing, and that it be afforded ample opportunity to obtain the presence of witnesses to prove the drug quantity, including perhaps, evidence of

<u>additional</u> quantities not, yet, set forth in the PSR. In all likelihood, the drug quantity is too low, not too high.

                              Respectfully submitted,

                              Nicholas A. Klinefeldt
                              United States Attorney

By:   /s/ *Craig Peyton Gaumer*
       Craig Peyton Gaumer
       Assistant United States Attorney
       U.S. Courthouse Annex, Suite 286
       110 E. Court Avenue
       Des Moines, Iowa 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2011, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

___ U.S. Mail  ____ Fax  _____ Hand Delivery

_X__ ECF/Electronic filing  ____ Other means

UNITED STATES ATTORNEY

By: /s/     J. Beane
     Legal Assistant