Antwan Cortez White #09326-030
YANKTON-FPC
P.O. BOX 700
YANKTON SD 57078

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTWAN CORTEZ WHITE,<br><br>Defendant. | No. 4:08-cr-00066-RGE-CFB-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

Now before the Court is Defendant Antwan Cortez White's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 273. White files the motion without the assistance of counsel. *Id.* The Federal Public Defender declined to appear on White's behalf. Notice Nonappearance, ECF No. 274. The Government resists the motion. ECF No. 276. In response to the Government's resistance, White filed medical records pertaining to his mother. ECF No. 277. After considering the applicable sentencing factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court denies White's motion.

Under the First Step Act of 2018, prisoners may bring motions for compassionate release "once they have exhausted their administrative remedies." *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (acknowledging amendment to 18 U.S.C. § 3582(c)(1)(A)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (quoting

§ 3582(c)(1)(A)). Exhaustion under the statute is a "mandatory claim-processing rule," meaning "it must be enforced so long as the opposing party properly raises it." *Id.* at 1084.

A district court may grant a defendant's motion for compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is consistent with the applicable advisory policy statements issued by the United States Sentencing Commission.[1] 18 U.S.C. § 3582(c)(1)(A)(i). Even if the Court finds the foregoing criteria are met, the Court must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id.* § 3582(c)(1)(A).

In making its decision, the Court has reviewed the record relevant to the instant motion and considers the following information.

- White pleaded guilty to conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and 846. Plea Hr'g Mins., ECF No. 178; Plea Agreement, ECF No. 181. After considering the unobjected-to information in the Presentence Investigation Report and hearing the parties' arguments as to the Guidelines calculation, the sentencing court found White had a total offense level of 40 and criminal history category of IV, resulting in an advisory guideline imprisonment range of 360 months to life. Sent. Hr'g Mins. 10:4–10, ECF No. 261; Sealed J. Crim. Case 7, ECF No. 202. The sentencing court granted the Government's motion to withdraw one of the prior convictions of which it had given notice of an enhanced penalty under 21 U.S.C.

---

[1] "[T]he policy statement in [United States Sentencing Commission, *Guidelines Manual,*] § 1B1.13 regarding compassionate release has not been amended since the passage of the First Step Act." *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Regardless, the decision to grant compassionate release "still lies within the district court's discretion." *Vangh*, 990 F.3d at 1140. A district court may look to this commentary as relevant but not binding in determining whether health conditions at time of compassionate release request were extraordinary and compelling reasons to warrant a reduction. *United States v. Marcussen*, No. 20-2507, 2021 WL 4597778, at *3 (8th Cir. Oct 7, 2021).

- § 851, resulting in the statutory range of imprisonment of 240 to 360 months. ECF No. 261 at 10:15–11:1. Without withdrawal of the notice, White would have been subject to mandatory life imprisonment. *Id.* at 10:19–11:7. After considering the § 3553(a) factors, the sentencing court granted a variance of 90 months from the bottom of the guideline range. *Id.* at 21:22–23:8; *see also* ECF No. 203 at 7. The sentencing court imposed a sentence of 270 months of imprisonment. ECF No. at 2; ECF No. 261 at 24:17–21.

- White has pursued a sentence reduction multiple times. Def.'s Mot. Retroactive Application, ECF No. 228; Def.'s Mot. Reduce Sentence, ECF No. 233; Def.'s Mot. Reduce Sentence, ECF No. 253; Def.'s Mot. Reduce Sentence – First Step Act, ECF No. 258. The Court denied White's motions. Order Den. Def.'s Mot. Retroactive Application, ECF No. 229; Order Den. Def.'s Mot. Reduce Sentence, ECF No. 251; Order Den. Mots. Reduce Sentence, ECF No. 265.

- White states he did not submit a request to the warden because "[e]xhaustion of [a]dministrative [r]elief would be futile." ECF No. 273 at 2. Without either a motion from the Director of the Bureau of Prisons or indication that White fully exhausted his administrative remedies as to the denial of a request to file such a motion, this Court lacks the authority to reduce White's sentence. The Government argues White has not satisfied the exhaustion requirement. ECF No. 276 ¶¶ 7–12. Even if White has satisfied the exhaustion requirements, the sentencing factors under 18 U.S.C. § 3553 applied to White do not warrant a reduction in his/her sentence.

- White argues his family circumstances—his wife's and mother's medical conditions—constitute extraordinary and compelling reasons warranting a sentence reduction. *See* ECF No. 273 ¶ 5. *see also* USSG §1B1.13, p.s. comment. (n.1). The Sentencing Commission's policy statement states extraordinary and compelling reasons are found

3

when: 1) there is a death or incapacitation of the defendant's minor child or 2) the defendant's spouse is incapacitated and the defendant would be the only available caregiver for that spouse. *See* U.S.S.G. § 1B1.13, cmt. n.1(C) (setting forth family circumstances that meet the "extraordinary and compelling" standard). White does not provide the Court with information as to whether his wife's medical condition is such that she is incapacitated and White is the only available caregiver for his wife. *See id.* While the Court is sympathetic to the needs of White's wife and mother, neither constitutes an extraordinary and compelling circumstance warranting early release.

- White states his post-offense rehabilitative efforts support compassionate release. ECF No. 273 ¶ 4. The Court commends White's efforts.

- White's offense included personal involvement with "every known gram of cocaine involved in th[e] conspiracy," possession of a firearm in furtherance of drug trafficking, and obstruction of justice by removing his electronic monitoring equipment and failing to appear for trial. ECF No. 190 ¶¶ 46 (personal involvement), 54 (possession of firearm), 50 (fleeing).

- White is 45 years old and is currently detained at Rochester FMC. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2021). White's expected date of release is April 2029. *See id.*

White has failed to exhaust his administrative remedies. Furthermore, his family circumstances do not constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. The Court finds a reduction in sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or protect the public from additional crimes by White. For these reasons and other sentencing factors under 18 U.S.C. § 3553(a), the Court denies compassionate release.

To the extent White also asks this Court to place him in home confinement under 18 U.S.C. § 3624(c)(2), also known as the CARES Act. The "authority to place a prisoner in home confinement [rests with] the Director of the [Bureau of Prisons], not the district court." *Houck*, 2 F.4th at 1085. Thus, this Court does not have the authority to change White's place of imprisonment to home confinement under § 3624(c)(2).

For the foregoing reasons,

**IT IS ORDERED** that Defendant Antwan Cortez White's Motion for Compassionate Release, ECF No. 273, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2021.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

CLERK, UNITED STATES DISTRICT COURT
U.S. COURTHOUSE
P.O. BOX 9344
DES MOINES, IOWA 50306-9344

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

**RECEIVED**

NOV −8 2021

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

NOV 0 1 2021